**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **NATHANIEL THORNTON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-1632** |
| | * | |
| **TERRY TERRELL** | * | **SECTION "B"(2)** |

**ORDER AND REASONS**

Nathaniel Thornton filed written objections (Rec. Doc. No. 11) to the Report and Recommendation of United States Magistrate Judge Wilkinson (Rec. Doc. No. 10), which recommends that Thornton's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice as time-barred. For the following reasons, the objections to the Magistrate Judge's Report and Recommendation are overruled and the Magistrate Judge's Report and Recommendation are adopted as the opinion of the Court.

**Facts of Case:**

Thornton was sentenced to serve thirty years without the benefit of parole for manslaughter. On March 4, 2004 Thornton filed a timely writ application with the Louisiana Supreme Court arguing that the appellate court erred in failing to reverse the conviction after finding that Thornton was indicted by a grand jury empaneled under an unconstitutional statute. The Court denied this application on July 2, 2004. Thornton's conviction became final 90 days later on September 30, 2004. On December 9, 2004, Thornton submitted an application for state post-conviction relief, which was denied on February 1, 2008. Thornton's petition for federal

habeas corpus relief was filed January 9, 2009. The petition alleges four grounds of relief: 1) the conviction was obtained by an unconstitutional grand jury selection, 2) the grand jury selection process violated equal protection, 3) the unconstitutional state law violated due process, and 4) a substantial right was affected where the grand jury empanelment violated state law.

**Law and Analysis:**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all habeas petitions filed after the statute went into effect on April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). In pertinent part, AEDPA provides that habeas corpus applications authorized by 28 U.S.C. §2254, must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A) (2009). Under this provision, the date triggering the AEDPA statute of limitations is the expiration date of the time period for petition of certiorari to the U.S. Supreme Court, the date the Court affirms the conviction, or the date certiorari is denied. *Clay v. United States*, 537 U.S. 522, 527 (2003).

In this case, Petitioner had ninety days after the Louisiana Supreme Court denied review of his conviction to petition the Supreme Court for a writ of certiorari. Sup. Ct. R. 13(1). On September 30, 2004, the ninety-day period for petition of

certiorari expired and the AEDPA statute of limitations began to toll the next day. *See State v. Webster*, 741 So. 2d 11, 99-0038 (La. 1999). From October 1, 2004, Petitioner had one year to file a timely application for writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1)(A) (2009). Petitioner did not file his application, however, until January 13, 2009, years after the AEDPA statute of limitations had expired.[1] (Rec. Doc. No. 1.)

Petitioner's application must therefore be denied as untimely filed unless one of the following two conditions applies. First, Petitioner may have had an extended period of time to file for federal habeas relief under 28 U.S.C. §2244(d)(2), if the statute of limitations was interrupted by a pending application for collateral review. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Second, the limitations period may be equitably tolled in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is narrowly applied when strict application of the statute of limitations would be inequitable and if a third party prevented the petitioner from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Each of these conditions will be discussed in turn,

---

[1] Petitioner is considered to have filed on January 13, 2009 because the "prison mailbox rule" provides that the filing date of a pro-se prisoner's papers is the date they are placed in the prison mail system. *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). The earliest date Thornton could have submitted the instant petition to prison officials for delivery to the court is January 13, 2009 because this is the date he signed the petition. Rec. Doc. 10.

but neither applies to lengthen the statute of limitations to January 13, 2009 or to render the instant petition timely filed.

### A. Interruption of the AEDPA Statute of Limitations

The statute of limitations does not run while a petitioner has a pending application for state post-conviction relief or other collateral review. 28 U.S.C. §2244(d)(2). AEDPA does not, however, provide a new and full one-year statute of limitations once these applications are no longer pending. *See Flanagan*, 154 F.3d at 198. The limitations period began October 1, 2004, when Petitioner's conviction became final, and ran for 69 days until he submitted his application for state post-conviction relief to the trial court. Rec. Doc. 10. His application remained pending from the date of submission on December 9, 2004 until February 1, 2008 when the Louisiana Supreme Court denied the post-conviction writ application. Rec. Doc 10. On February 2, the AEDPA statute of limitations began to run again and ended 296 days later without further interruption on November 24, 2008. As this timeline demonstrates, the statute of limitations was interrupted under 28 U.S.C. §2244(d)(2) and the time during which Petitioner had a pending application for state post-conviction relief was not counted against the limitations period. Despite this interruption, Petitioner failed to file the instant petition before the statute of limitations expired on November 24, 2008. Petitioner fails to meet the threshold requirement that his habeas petition be timely filed. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997).

## B. Equitable Tolling of the AEDPA Statute of Limitations

The doctrine of equitable tolling is relevant when application of the statute of limitations is unconscionable and results in gross injustice. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)(quoting *Minter v. Beck*, 230 F.3d 663, 666-67 (4th Cir. 2000)). In the Fifth Circuit, only rare and exceptional circumstances justify application of the doctrine of equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998).

Petitioner has not established the existence of rare and exceptional circumstances. The Fifth Circuit has held that equitable tolling is a remedy with primary application to situations in which the "plaintiff is actively misled by the defendant...or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). In this case, Petitioner alleges no such circumstances that merit the application of equitable tolling. *See Id.* Although Petitioner represents himself pro-se, proceeding without counsel is no excuse for ignorance of the procedural requirements of AEDPA and does not constitute an exceptional circumstance for the purposes of equitable tolling. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). The record reveals no existing facts that fall within the narrow scope of rare and exceptional circumstances. (*See* Rec. Doc. No. 10.)

## C. Petitioner's Allegation that Application of the AEDPA Statute of Limitations is Unconstitutional

Petitioner also alleges that strict application of the AEDPA statute of limitations prevents the vindication of his Sixth Amendment right to a fair trial. Federal habeas relief is available to protect "rights existing under federal law" and the Constitution. 28 U.S.C. § 2254(a); *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 712 (5th Cir. 1986). Although 28 U.S.C. § 2254 provides state prisoners a legal mechanism to challenge imprisonment that may violate the Constitution, one of the threshold questions before assessing the merits of the petition is whether the application was timely filed. *United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001). Petitioner failed to file the instant petition within the statute of limitations or to establish any rare or exceptional circumstances that would justify equitable tolling of the limitations period. Petitioner's objection to the Magistrate Judge's Report and Recommendation is therefore without merit. Accordingly,

**IT IS ORDERED** that the petition of Nathaniel Thornton for issuance of a writ of habeas corpus is **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 4th day of December, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE